*Wm. Lindsay, Norman & Stephens,* for appellants.
*O'Hara & Bryan,* for appellee.

---

## H. T. BEAUCHAMP v. COMMONWEALTH.

[Kentucky Law Reporter, Vol. 4—27.]

**Jurisdiction of the Regular and Special Judge.**

    The constitution and the law provide for the election of a special judge and empower him to serve when from any cause the judge

shall fail to attend, or being in attendance can not properly preside; and where the special judge is elected when there is a regular judge and has assumed jurisdiction over a cause, and the parties have gone into trial, before the resignation of the regular judge is tendered or accepted, the special judge has jurisdiction to complete such trial and enter a judgment, even though the regular judge has at that time resigned.

### APPEAL FROM GREEN CIRCUIT COURT.

June 10, 1882.

OPINION BY JUDGE PRYOR:

This case was heretofore dismissed and afterwards reinstated on the docket. The point made is that the trial of this cause was had after the resignation of Judge Lewis as circuit judge, and the special judge had no power to try the accused, when there was, in fact, no circuit judge. If this was a civil case we would have no difficulty in determining the question, as the parties had the right to consent to the trial of such causes, either in the absence of the regular judge or after he had resigned, and as the special judge had been elected, under the statute, before the resignation, the consent of the parties would be presumed; in other words, they would waive the right to raise the question of jurisdiction in this court for the first time. In this case, before judgment of conviction, the question of jurisdiction was raised and the conviction claimed to be void, on the ground that there could not be a special circuit judge when there was no regular judge. The constitution, Art. 4, § 28, provides that "The General Assembly shall provide by law for holding circuit courts when, from any cause, the judge shall fail to attend, or, if in attendance can not properly preside," an election shall be held, etc. Both the statute [Gen. Stat. (1881), Ch. 28, Art. 7, § 1] and the constitutional provisions recognize the fact that there is a regular circuit judge, who is prevented from presiding by reason of his failure, from some cause, to attend the court, or if in attendance, by reason of his interest, or some other sufficient cause, can not properly preside.

The regular judge is the life of the court in which the special judge is elected, and when he resigns, and his resignation is accepted, his rights and duties as circuit judge terminate. The

constitution directs the manner in which the vacancy can be filled, and when there is no judge to attend or preside in the court, there can be no special judge to preside in his stead. But here the special judge was elected when there was a regular judge and had, in fact, assumed jurisdiction over the particular case—that is, the parties had gone into a trial before the resignation was tendered or accepted, and it was only after verdict that the question was made.

We think the jurisdiction having attached, by reason not only of the election of the special judge but by the additional fact of the trial being in progress at the time, that the judge had the full and complete jurisdiction to hear the case to its termination. The statute [Gen. Stat. (1881), Ch. 28, Art. 7, § 2] provides that "The person elected shall, during the period that he acts, have all the powers and be liable to all the responsibilities of a circuit judge," and while under this statute he may not have had the right to require the party to go into a trial after the resignation of the regular judge, the jurisdiction having properly attached, by the actual trial of the case before the resignation, this jurisdiction continued for all the purposes of the trial. The indictment is sufficient and the demurrer was properly overruled. The appellant is charged with stealing a gray mare, the property of J. J. Sutherland, of the value of one hundred dollars. It is maintained that the description is insufficient. We think not. The judgment of conviction issued constitutes a bar to any indictment for stealing a gray mare of Sutherland, prior to the finding of this indictment. Judgment *affirmed.*

*D. Hudson,* for *appellant.*
*P. W. Hardin,* for *appellee.*